IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAKHONE LASAPHANGTHONG,

    Petitioner,                               No. CIV S-06-2310 GEB CMK P

    vs.

THOMAS FELKER[1],                     <u>ORDER AND</u>

    Respondent.               <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2002 conviction of second-degree murder with a firearm use enhancement and indeterminate sentence of twenty years to life, plus a consecutive ten year term for the sentencing enhancement. The state moves to dismiss this petition on the grounds that this petition is untimely under 28 U.S.C. § 2244(d)(1) and (2). Petitioner has not filed a response to the motion to dismiss.

///

///

///

---

[1] D.L. Runnels was originally named as the respondent in this matter. Thomas Felker is the current warden of High Desert State Prison and will be substituted as the respondent in this matter.

I.     Statute of Limitations

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996. AEDPA places a one year statute of limitations on the filing of petitions for writs of habeas corpus. See 28 U.S.C. § 2244(d). The one-year limitations period applies to all federal petitions filed after the effective date of AEDPA. As this petition was filed on October 19, 2006, AEDPA's statute of limitations applies. Untimely petitions are barred from federal review. See 28 U.S.C. § 2244(d).

Generally, a state prisoner challenging his custody has one year to file his federal petition from the date on which his conviction became final by the conclusion of direct review, or the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d)(1)(A). Calculating the timeliness of the federal petition requires more than simply looking at the date of the final state court judgment and the date the federal petition was filed. That is because the proper filing of a state habeas petition application concerning the pertinent conviction tolls the one-year limitations period. See 28 U.S.C. § 2244(d)(2).

AEDPA's one year statute of limitations provision is subject to equitable tolling. See Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530 (9th Cir. 1998)(en banc). In order to win equitable tolling, a prisoner must demonstrate (1) extraordinary circumstances beyond the prisoners control that (2) made it impossible to file a petition on time. Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). Equitable tolling is "unavailable in most cases." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Indeed, "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). This high bar is necessary to effectuate the "AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect

///

///

the federal system from being forced to hear stale claims." See Guillory v. Roe, 329 F.3d 1015, 1018 (9th Cir. 2003).   The burden of demonstrating grounds for equitable tolling rests with the prisoner. See id.

II.     Background

          On July 8, 2002, petitioner was convicted of second degree murder and a firearm use enhancement was found true.  The California Court of Appeal, Third Appellate District affirmed the judgment on January 27, 2004.  The California Supreme Court denied review on March 30, 2004.  Petitioner did not file a petition for a writ of certiorari with the United States Supreme Court.

          Petitioner subsequently filed three pro se state habeas petitions.  His first petition was filed on June 7, 2005[2] in the Sacramento County Superior Court and was denied on July 20, 2005. (Lod. Doc. 5).  His second state petition was filed on September 26, 2005 in the California Court of Appeal, Third Appellate District and denied on October 6, 2005. (Lod. Docs. 7 and 8.)  His third petition was filed on December 29, 2005[3] in the California Supreme Court. (Lod. Doc. 9.)  A supplemental state habeas petition was filed in the California Supreme Court on August 10, 2006. (Lod. Doc. 10.)  On September 20, 2006, the third petition was denied. (Log. Doc. 9.)

          Petitioner filed the instant federal habeas petition on October 19, 2006.

///

///

III.    Discussion

---

[2] Petitioner's first state habeas application was file stamped on June 15, 2005; however, it had an attached proof of service dated June 7, 2005.  Respondent assumes, for the purposes of this motion only, that petitioner gave his petition to prison authorities for mailing to the Clerk of the Court on June 7, 2005.  Accordingly, applying the "mailbox rule" announced in Houston, the court assumes a filing date for the first habeas petition of June 7, 2005.  See Houston v. Lack, 487 U.S. 266 (1988).

[3] The petition was file stamped January 3, 2006, but had an attached proof of service dated December 29, 2005.  Under the "mailbox rule," respondent concedes for this motion only that the petition was filed on December 29, 2005.

3

Under AEDPA, a state prisoner challenging his conviction has one year to file his federal petition from the date on which his state court conviction became final by the conclusion of direct review or the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d)(1)(A).[4]

On March 30, 2004, the California Supreme Court denied petitioner's request for review. (Lod. Doc. 4.) The state appeal process became final within the meaning of §2244(d)(1) when the time for filing a petition for a writ of certiorari with the United States Supreme Court expired 90 days later— on June 28, 2004. See Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999). AEDPA's one-year limitations period began running the following day—on June 29, 2004. Therefore, the last day to file a federal habeas petition was on June 28, 2005, plus any time for tolling.

As mentioned above, the proper filing of a state habeas petition with respect to the pertinent judgement or claim tolls AEDPA's one-year limitations period. 28 U.S.C. §. 2244(d)(2). Here, petitioner filed three pro se state habeas actions; however, respondent argues that all three state habeas actions were improperly filed, and, therefore, petitioner is not entitled to tolling during their pendency.

The Sacramento County Superior Court denied petitioner's first state habeas application by finding, among other things, that it was untimely. Expressly finding the petition untimely, the Superior court cited In re Robbins, 18 Cal.4th 770, 811-812 n. 32 (Cal. 1998) and stated:

> Fourteen months after the judgment in the Sacramento County Superior Court Case No. 98F05682 became final, petitioner has filed the instant habeas corpus petition to challenge that judgment. As such, the petition is untimely.

(Lod. Doc. 6.) The Superior Court's finding of untimeliness meant that the first state habeas petition was not properly filed within the meaning of 28 U.S.C. § 2244(d)(2). See Pace v.

---

[4]The limitations period may begin running later under certain specified circumstances, none of which are applicable here. See 28 U.S.C. § 2244(d)(1)(B)-(D).

4

1  DiGuglielmo, 544 U.S. 408, 414 (2005); Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005).

2  The second and third state habeas applications filed by petitioner were both denied without comment or citation. (Lod. Docs. 8 and 9.) It is reasonable to assume that the California Court of Appeals and California Supreme Court did not silently disregard the Superior Court's finding that petitioner's state habeas application was procedurally deficient because it was untimely and consider the merits of his petition. See Ylst v. Nunnemaker, 501 U.S. 797, 803-806 (1991)("[W]here...the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits.") Because petitioner's three state habeas petitions were not properly filed, there was no tolling of AEDPA's one-year limitations period during their pendency. See 28 U.S.C. §. 2244(d)(2); Pace, 544 U.S. at 414.

Under AEDPA's one-year limitations period, petitioner had until June 28, 2005 to file a federal habeas petition. Because he did not file his federal petition until October 19, 2006 and is not entitled to tolling during the pendency of his state court habeas petitions, the court finds that this habeas action is time barred.

Even assuming arguendo that petitioner's three state habeas petitions were properly filed makes no difference. Petitioner filed his first state habeas petition on June 7, 2005, which was 343 days after the one-year limitation period began to run on June 29, 2004. Because petitioner was proceeding both orderly and diligently with his second petition once the first petition was denied, he would be entitled to tolling from June 7, 2005 (when the first petition was filed under the "mailbox rule") to October 6, 2005 (when the second petition was denied). See Carey v. Saffold, 536 U.S. 214 (2002)(stating that a state habeas application is pending between a lower court's denial of relief and filing in a higher court, so long as the filing in the higher court is timely under state law). Petitioner then waited 83 days from the denial of his second petition (October 6, 2005) before he filed his third petition under the "mailbox rule" on December 29, 2005. A delay of almost three months in filing a petition in a higher court is

5

1  unreasonable.  See Evans v. Chavis, 546 U.S. 189 (2006)( stating that six months is far longer
2  than the 30 to 60 days that most states provide for filing an appeal to the state supreme court).
3  The court finds that petitioner is not entitled to interval tolling for the delay between the denial
4  of his second petition (October 6, 2005) and the filing of his third petition (December 29, 2005).
5  Therefore, 426 days had passed since petitioner's state court conviction became final on June 28,
6  2004, and his petition was not filed within the one-year limitations period, even assuming that
7  his three state court petitions were properly filed.
8           Petitioner has advanced no reason why he should be entitled to equitable tolling
9  of AEDPA's time limit.  Accordingly, the court will recommend that this action be dismissed as
10 untimely under AEDPA's one-year limitations period.

11 IV.    Conclusion
12          IT IS ORDERED that Thomas Felker is substituted as the respondent in this
13 matter.  The Clerk of the Court is directed to note this substitution in the docket.
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26

1    IT IS RECOMMENDED that

2    1.  Respondent's motion to dismiss this habeas action on the grounds that it was
filed beyond AEDPA's one year statute of limitations be granted.

2. This action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  May 9, 2007.

*/s/ Craig M. Kellison*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

7